IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CRIMINAL ACTION |
| v. : | |
| : | NOS. 10-800-01, 10-800-02 |
| BARRETT BYRON STATON : | |
| MATTHEW STATON : | |

SURRICK, J.                                                                                            JUNE  12 , 2012

### MEMORANDUM

Presently before the Court are Defendant Barrett Byron Staton's Motion for Separate Trials of Counts Pursuant to Federal Rules of Criminal Procedure 8 & 14(a) (ECF No. 91) and Defendant Matthew Staton's Motion for Severance (ECF No. 98). For the following reasons, the Motions will be denied.

**I.  BACKGROUND**

The factual background of this action is set forth in the Court's June 5, 2012 Memorandum and Order granting the Government's Motion *in Limine* to Admit Evidence Regarding Defendant Barrett Byron Staton's Bank Records and Income Tax Returns (ECF Nos. 116, 117) and the Court's June 8, 2012 Memorandum and Order denying Defendant Barrett Byron Staton's Motion to Compel Disclosure of Grand Jury Minutes and Testimony and Motion to Dismiss Indictment (ECF Nos. 120, 121). Those Memoranda and Orders describe the fraudulent scheme, in which the Government alleges that Defendants were involved.[1]

---

[1] The facts of the Court's June 5, 2012 Memorandum and Order granting the Government's Motion *in Limine* to Admit Evidence Regarding Defendant Barrett Byron Staton's Bank Records and Income Tax Returns are based on the facts asserted in the Government's Motion *in Limine*. The facts of the Court's June 8, 2012 Memorandum and Order denying Defendant Barrett Byron Staton's Motion to Compel Disclosure of Grand Jury Minutes and

On July 21, 2011, a federal grand jury returned the Indictment against Defendants Barrett Byron Staton, Matthew Staton and William Haken, Jr. (Indictment, ECF No. 38.) All three Defendants were charged with engaging in a "Scheme and Artifice to Defraud" from January 2002 to February 2011. (*Id.*) Essentially, Defendants, through various office copier brokerage businesses ("Businesses"), would entice small businesses and non-profit organizations ("Customers") into executing new office copier leases by making attractive promises. Defendants did not fulfill these promises. Defendants were supposed to use the payments received from the financing companies as a result of the new leases for the Customers' benefit (*e.g.*, to pay off their office copier leases). However, the payments were instead used for personal expenses. When Defendants became overwhelmed with complaints from the Customers, they would shut down the Business, only to reopen it under a different company name, and at times, under a nominee owner. Defendant Barrett Byron Staton also used the Businesses to obtain financing for personal purchases that included luxury vehicles.

In Count One, all three Defendants were charged with conspiracy to commit wire fraud,

---

Testimony and Motion to Dismiss Indictment are based on the charges set forth in the First Superseding Indictment (hereinafter, "Indictment"). For the purpose of addressing Defendants' Motions, we will accept as true the factual allegations set forth in the Indictment. *See United States v. Liss*, 265 F.3d 1220, 1228 (11th Cir. 2001) (noting that "[t]he propriety of joinder 'is to be determined before trial by examining the allegations contained in the indictment'") (citation omitted); *United States v. Harrelson*, 754 F.2d 1153, 1176 (5th Cir. 1985) ("The propriety of joinder under Rule 8 is determined by the initial allegations of the indictment, which are accepted as true absent arguments of prosecutorial misconduct." (citing *Schaffer v. United States*, 362 U.S. 511, 513 (1960))); *see also United States v. Heilman*, 377 F. App'x 157, 202 (3d Cir. 2010) (noting that inquiry into propriety of joinder of offenses "focuses on the face of the indictment" (citing *United States v. Irizarry*, 341 F.3d 273, 287 (3d Cir. 2003))). In addition, we may "look beyond the face of the indictment" to representations made in pretrial documents where those documents "clarify factual connections between the counts." *United States v. McGill*, 964 F.2d 222, 242 (3d Cir. 1992).

in violation of 18 U.S.C. § 1349. (*Id.* at ¶¶ 14-15.) In Counts Two and Three, Defendants Barrett Byron Staton and Haken were charged with wire fraud, in violation of 18 U.S.C. § 1343. (*Id.* at ¶¶ 16-19.) In Count Four, all three Defendants were charged with wire fraud, in violation of 18 U.S.C. § 1343. (*Id.* at ¶¶ 20-21.) In Count Five, Defendants Barrett Byron Staton and Matthew Staton were charged with wire fraud, in violation of 18 U.S.C. § 1343. (*Id.* at ¶¶ 22-23.) In Counts Six through Nine, Defendant Barrett Byron Staton, only, was charged with mail fraud, in violation of 18 U.S.C. § 1341. (*Id.* at ¶¶ 24-47.) In Count Ten, Defendant Barrett Byron Staton, only, was charged with making a false statement in a loan application, in violation of 18 U.S.C. § 1014. (*Id.* at ¶ 48.)

On April 11, 2012, Haken entered a plea of guilty. (*See* ECF No. 83 (Minute Entry).) His sentencing is scheduled for July 11, 2012. (*Id.*)[2]

On May 7, 2012, Defendant Barrett Byron Staton filed a Motion for Separate Trials of Counts Pursuant to Federal Rules of Criminal Procedure 8 & 14(a). (Barrett Mot., ECF No. 91.) On May 9, 2012, Defendant Matthew Staton filed a Motion for Severance. (Matthew Mot., ECF No. 98.) On May 22, 2012, the Government responded to these Motions. (Gov't's Resp., ECF No. 103.)

## II. DISCUSSION

### A. Legal Standard

#### 1. Rule 8

"Federal Rule of Criminal Procedure 8 governs joinder of offenses and joinder of

---

[2] Hereinafter, the term "Defendants" shall refer to Barrett Byron Staton and Matthew Staton, only.

3

defendants." *Irizarry*, 341 F.3d at 287. It states:

> (a) Joinder of Offenses. The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged—whether felonies or misdemeanors or both—are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.
>
> (b) Joinder of Defendants. The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

Fed. R. Crim. P. 8.

The Third Circuit has held that Rule 8(a) "'applies only to prosecutions involving a single defendant' and that in a multi-defendant case such as this, 'the tests for joinder of counts and defendants is merged in Rule 8(b).'" *Irizarry*, 341 F.3d at 287 (quoting *United States v. Somers*, 496 F.2d 723, 729 n.8 (3d Cir. 1974)).[3] Rule 8(b) is "less permissive" than Rule (8)(a). *Eufrasio*, 935 F.2d at 570. We analyze Defendants' joinder challenges under the less permissive Rule 8(b).[4]

---

[3] While the Third Circuit has acknowledged that "most courts have held that Rule 8(b) applies exclusively to issues of joinder of multiple defendants and Rule 8(a) only applies in cases of a single defendant charged with multiple offenses," it has suggested that Rule 8(a) may provide the proper standard for joinder of offenses against one defendant, even in cases with multiple defendants. *Irizarry*, 341 F.3d at 287 & n.4 (citing *United States v. Eufrasio*, 935 F.2d 553, 570 n.20 (3d Cir. 1991)); *see also Heilman*, 377 F. App'x at 202 n.34 (stating same).

[4] While the standards of Rule 8(a) and Rule 8(b) are similar, in that they both require a transactional nexus between offenses or defendants joined, Rule 8(a) is more permissive because it allows joinder when offenses are of the same or similar character, whereas Rule 8(b) does not. *Irizarry*, 341 F.3d at 287 n.4 (citing *Eufrasio*, 935 F.2d at 570 n.20). Accordingly, if joinder satisfies Rule 8(b), it also satisfies Rule 8(a). *Heilman*, 377 F. App'x at 202 n.34; *see also Eufrasio*, 935 F.2d at 570 ("In the interests of justice, we apply the less permissive standard of Rule 8(b) . . . .").

4

In construing Rule 8(b), the Third Circuit has followed the Supreme Court in recognizing the "fundamental principle that the federal system prefers 'joint trials of defendants who are indicted together [ ]' because joint trials 'promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts.'" *United States v. Urban*, 404 F.3d 754, 775 (3d Cir. 2005) (quoting *Zafiro v. United States*, 506 U.S. 534, 537 (1993) (alteration in original)). Under Rule 8(b), "[i]t is not enough that defendants are involved in offenses of the same or similar character; there must exist a transactional nexus in that the defendants must have participated in 'the same act or transaction, or in the same series of acts or transactions,' before joinder of defendants in a multiple-defendant trial is proper." *United States v. Jimenez*, 513 F.3d 62, 82-83 (3d Cir. 2008) (citing Fed. R. Crim. P. 8(b); *Irizarry*, 341 F.3d at 287 n.4).

    2.    Rule 14

Federal Rule of Criminal Procedure 14 states, in relevant part:

> (a) Relief. If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

Fed. R. Crim. P. 14(a).

To prevail on a Rule 14 motion, a defendant must "'pinpoint clear and substantial prejudice resulting in an unfair trial.'" *United States v. Riley*, 621 F.3d 312, 335 (3d Cir. 2010) (quoting *United States v. McGlory*, 968 F.2d 309, 340 (3d Cir. 1992)). "The decision to sever a trial is left to the sound discretion of the District Court." *United States v. Ginyard*, 65 F. App'x 837, 838 (3d Cir. 2003) (citing *Zafiro*, 506 U.S. at 538-39 ("Moreover, Rule 14 does not require severance even if prejudice is shown; rather, it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion."); *United States v. Reicherter*, 647 F.2d 397, 400 (3d

5

Cir. 1981) ("Motions for severance rest in the sound discretion of the trial judge, whose determination should not be disturbed in the absence of an abuse of discretion.")); *United States v. Albowitz*, 380 F. Supp. 553, 555 (E.D. Pa. 1974) (stating same).

### B. Barrett Byron Staton's Motion for Separate Trials of Counts

#### 1. *Contentions*

Defendant Barrett Byron Staton argues that joinder of Counts One through Ten in one criminal trial is prejudicial and constitutes a misjoinder of the Counts. (Barrett Mem. 2, ECF No. 91.) He contends that while all of the acts that he has been charged with relate to false statements, Counts Six through Ten are not necessarily part of the same scheme or plan as described in Counts One through Five. (Barrett Mot. ¶ 8.) Barrett Byron Staton asserts that Counts Six through Ten "pertain only to [Barrett Byron Staton] and deal with real and personal property used by [Barrett Byron Staton] and others not in furtherance of [a] scheme or plan as outlined in the Indictment, Counts I through V with the other defendants." (*Id.* at ¶ 9; *see also* Barrett Mem. 1-3.)[5] He also points to the fact that his co-defendants were not charged in Counts Six through Ten. (Barrett Mem. 3.)

Barrett Byron Staton claims that this misjoinder will result in prejudice. He claims that if a jury finds that he conducted his personal affairs in a fraudulent manner, then it will inevitably conclude that he also conducted his business affairs in a fraudulent manner. (*Id.*) He also claims that limiting instructions to the jury "cannot cure the prejudicial effects of the joinder." (*Id.* at 4.)

---

[5] Barrett Byron Staton explains that "[t]he obtaining of automobiles or financing of a personal residence are not part of the common scheme or plan as alleged in Counts I through V, wherein the Government charges a course of conduct by [Barrett Byron Staton] and his codefendants with the use of various businesses to defraud lenders and customers in the use and leasing of copiers." (Barrett Mem. 3.)

Barrett Byron Staton claims that all Counts have been improperly joined and requests that there be separate trials for Counts One through Five and for Counts Six through Ten. (Barrett Mot. ¶ 10.)

The Government responds that the charged offenses in Counts Six through Ten are "part of the same series of acts and transactions" that are incorporated in Counts One through Five. (Gov't's Resp. 15.) The Government explains that for each of the Counts, Defendant used the same fraudulent Businesses as conduits to commit each of the offenses. (*Id.* at 16-17.) It argues that the same evidence that is relevant to prove the conspiracy to commit wire fraud will also be used to prove the mail fraud counts (*id.* at 17); and that the evidence showing the business practices and finances that is relevant to the conspiracy to commit wire fraud charge will also be used to prove the false statement offense (*id.* at 17-18).

The Government also contends that Barrett Byron Staton has failed to show that he will be "substantially prejudiced by joinder of the offenses." (*Id.* at 15; *see also id.* at 18-19.) It argues that any potential prejudice can be cured by a limiting instruction. (*Id.* at 19.)

    2.    Analysis

        a)    Rule 8(b)

The facts and the charges set forth in the Indictment support the conclusion that Counts Six through Ten are part of the same series of acts and transactions of the fraudulent scheme that is charged in Counts One through Five. For each of the ten Counts, Defendant used the same fraudulent Businesses as vehicles through which he committed the offenses. (*See* Indictment ¶¶ 1, 3, 12-13.) "Where charges leveled against only a single defendant 'arose directly' from his participation in a common illicit enterprise which led to charges against that defendant and

co-defendants," the Third Circuit has held that "all of the charges may be considered part of the same series of acts, rendering joinder proper under Rule 8(b)." *United States v. Walker*, 657 F.3d 160, 169 (3d Cir. 2011); *see also Riley*, 621 F.3d at 334 ("In this case, it was [defendant's] failure to report income earned from the land fraud scheme that led to her Tax Fraud Counts. Because the tax evasion arose directly from the land fraud proceeds, it was in the interest of judicial efficiency to join these claims.").

Moreover, for each of the ten Counts, the Government will use common evidence — namely, documentary evidence of the business practices and the finances of Barrett Byron Staton and his Businesses, as well as testimony by a former employee of a Business through which Defendant committed the fraudulent scheme. The evidence that will be used to prove the wire fraud Counts will also be used to prove the mail fraud Counts. Furthermore, that evidence will be used to prove the false statement Count, since it supports the Government's theory that Barrett Byron Staton orchestrated the fraudulent scheme, through the various Businesses, so that he could used the funds he obtained from that scheme for his own personal expenses. The use of common evidence for all ten Counts further supports the Government's theory that these Counts relate to one scheme to defraud. Accordingly, all ten Counts are properly joined. *See Riley*, 621 F.3d at 335 (concluding that defendant's tax fraud counts were properly joined with land fraud counts since the counts "were substantially related as the tax fraud arose from [defendant's] failure to report her income from the land fraud scheme"); *United States v. Fumo*, No. 06-319, 2008 WL 109667, at *2 (E.D. Pa. Jan. 9, 2008) (finding that charges of (1) fraud on Pennsylvania State Senate, (2) fraud on Citizens Alliance and tax charges relating to Citizens Alliance, (3) fraud on the Independence Seaport Museum, and (4) obstruction of justice were properly joined

under Rule 8(b) since the indictment linked the obstructions of justice charges to the fraud charges that the defendant had attempted to evade).[6]

        b)        Rule 14(a)

Barrett Byron Staton claims that joinder of all ten Counts will result in substantial prejudice to him. However, he has not pointed to any specific example of clear and substantial prejudice, as required by Rule 14(a).

Barrett Byron Staton asserts that if a jury finds that he conducted his personal affairs in a fraudulent manner, then it will inevitably conclude that he also conducted his business affairs in a fraudulent manner. We disagree. The charges of mail fraud and making a false statement are not so similar to the charges of wire fraud and conspiracy to commit wire fraud, such that the jury will be unable to compartmentalize the various Counts. In addition, this is not a complex case. The jury will be able to compartmentalize the evidence supporting each Count without difficulty. This case does not involve technical or scientific issues. *Fumo*, 2008 WL 109667, at *2 (noting that severance is not required when a case is "relatively straightforward and discrete, not involving overly technical or scientific issues," and finding fraud charges to be "easily understandable" and "not technical" (citing *United States v. Lore*, 430 F.3d 190, 205 (3d Cir. 2005))). Bald assertions that juries are unable to compartmentalize charges or evidence do not, alone, support a finding of substantial prejudice. *See Riley*, 621 F.3d at 335 (holding that defendant did not point to any specific prejudice, where he "merely assert[ed] that the jury was

---

[6] Barrett Byron Staton also argues that joining all ten Counts in one trial is a misjoinder because his co-defendants were not charged in Counts Six through Ten. (Barrett Mem. 3.) However, Rule 8(b) states that "[t]he defendants may be charged in one or more counts together or separately. *All defendants need not be charged in each count*." Fed. R. Crim. P. 8(b) (emphasis added).

9

unable to compartmentalize the evidence"); *United States v. Stout*, 499 F. Supp. 598, 601 (E.D. Pa. 1980) ("'Speculation that the trial jury will not follow the instructions of the Court with respect to compartmentalizing the evidence of the (various) counts of the indictment will not justify a severance under [Rule 14].'" (quoting *United States v. Cohen*, 444 F. Supp. 1314, 1317 (E.D. Pa. 1978))); *cf. Fumo*, 2008 WL 109667, at *3 ("[S]imple allegations that the jury will convict based on criminal propensity are not sufficient for severance."). A properly instructed jury presented with well-organized evidence will be able to compartmentalize the charges and the evidence. Moreover, limiting instructions will cure any possible prejudice that might result from joinder of all ten Counts. *See Stout*, 499 F. Supp. at 601 (noting the "curative effect of jury instructions"); *see also Zafiro*, 506 U.S. at 540-41 (noting that juries "are presumed to follow their instructions" (citing *Richardson v. Marsh*, 481 U.S. 200, 211 (1987))).

Based on the foregoing, we are satisfied that joinder of all ten Counts is proper. *See Riley*, 621 F.3d at 335 (finding that tax fraud counts were properly joined with land fraud counts and denying motion for severance because defendant did not point to any specific prejudice, and any prejudice that might have resulted from the joint trial was easily cured by jury instructions). Defendant Barrett Byron Staton's Motion for Separate Trials of Counts will be denied.

### C. Matthew Staton's Motion for Severance

#### 1. *Contentions*

Defendant Matthew Staton argues that the joinder of his criminal trial with the trial of his co-defendant brother will be substantially prejudicial. (Matthew Mot. ¶ 6.) Matthew Staton contends that the defenses that he and Barrett Byron Staton will present at trial will be "materially different, and may even be mutually exclusive." (*Id.* at ¶ 4.) He argues that such

mutual exclusivity will "create in the mind of the trier of fact that unconstitutional alternative of having to choose between the Defendants as to which is guilty, rather than determining the guilt or innocence of each Defendant separately and solely on the basis of the evidence against each." (*Id.*) Matthew Staton also argues that at trial, evidence that is admissible against his brother, but not against him, will be admitted. (*Id.* at ¶ 5.) He claims that the admission of such evidence will cause him to be prejudiced. (*Id.*)[7] Because of this prejudice, Matthew Staton requests a separate trial, pursuant to Federal Rule of Criminal Procedure 14. (Matthew Mot. ¶ 6; *see also* Matthew Mem. 1-2.)

The Government responds that Matthew Staton's arguments must be rejected. It claims that Matthew Staton "played a significant role" in the conspiracy offense. (Gov't's Resp. 21.) It also asserts that Matthew Staton "cannot credibly claim that he is prejudiced by joinder in this matter." (*Id.*) The Government argues that a limiting instruction can ensure that the jury separates the evidence against Defendant Barrett Byron Staton from that against Matthew Staton. (*Id.*)

    2.    *Analysis*

        a)    <u>Rule 8(b)</u>

The Third Circuit has held that Rule 8(b) "permits joinder of defendants charged with participating in the same . . . conspiracy, even when different defendants are charged with

---

[7] In his Memorandum, Matthew Staton points out that "[o]ver half of the [Indictment] does not pertain to Matthew Staton at all" and that he had a "limited role as set forth in the [Indictment]." (Matthew Mem. 1-2, ECF No. 98.) Matthew Staton argues that because he had a limited role in the scheme, most of the Government's evidence concerns Barrett Byron Staton and not himself, and because Barrett Byron Staton is Matthew Staton's brother, he will be unfairly prejudiced by the evidence presented at a joint trial. (*Id.* at 2.)

different acts, so long as indictments indicate all the acts charged against each joined defendant (even separately charged substantive counts) are charged . . . as acts undertaken in furtherance of, or in association with, a commonly charged . . . conspiracy." *Eufrasio*, 935 F.2d at 567. The Third Circuit, citing the Second Circuit, has determined that "[t]he mere allegation of a conspiracy presumptively satisfies Rule 8(b), since the allegation implies that the defendants named have engaged in the same series of acts or transactions constituting an offense." *Irizarry*, 341 F.3d at 289 n.5 (quoting *United States v. Friedman*, 854 F.2d 535, 561 (2d Cir. 1988)); *see also Fumo*, 2008 WL 109667, at *4 (holding that "[j]oint participation in a conspiracy satisfies the 'same series of acts or transactions' requirement" of Rule 8(b)). Here, the Indictment charges that Matthew Staton and Barrett Byron Staton committed a conspiracy to commit wire fraud by using the various Businesses. As a salesman for the Businesses, Matthew Staton was an integral part of enticing the Customers into executing the fraudulent leases. Counts Six through Ten charge Barrett Byron Staton with mail fraud and making a false statement. Barrett Byron Staton committed these offenses, again, by using the various Businesses. While Matthew Staton does not appear to be involved in Barrett Byron Staton's fraudulent acts as charged in Counts Six through Ten, the evidence that will be used to prove the conspiracy involving Matthew Staton will also be used to prove Barrett Byron Staton's acts in Counts Six through Ten. "The public interest in judicial economy favors joint trials where the same evidence would be presented at separate trials of defendants charged with a single conspiracy." *United States v. Console*, 13 F.3d 641, 655 (3d Cir. 1993) (citing *Eufrasio*, 935 F.2d at 568) (internal quotation marks omitted).

b) <u>Rule 14(a)</u>

In the context of multiple defendants, the question of prejudice hinges upon "whether the jury will be able to compartmentalize the evidence as it relates to separate defendants in view of its volume and limited admissibility." *United States v. Davis*, 397 F.3d 173, 182 (3d Cir. 2005). Where additional charges against a single defendant are "relatively straightforward and discrete," we have "not doubt[ed] that the jury reasonably could [be] expected to compartmentalize the evidence . . . ." *Lore*, 430 F.3d at 205. By contrast, "[w]hen many defendants are tried together in a complex case and they have markedly different degrees of culpability, the risk of prejudice is heightened." *Zafiro*, 506 U.S. at 539. "Severance should only be granted 'if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.'" *Riley*, 621 F.3d at 335 (quoting *Urban*, 404 F.3d at 775 (quoting *Zafiro*, 506 U.S. at 539)).

The Third Circuit has noted that prejudice sufficient to warrant severance might occur in the following situations: "(1) a complex case involving many defendants with markedly different degrees of culpability; (2) a case . . . where evidence that is probative of one defendant's guilt is technically admissible only against a co-defendant; and (3) a case where evidence that exculpates one defendant is unavailable in a joint trial." *United States v. Balter*, 91 F.3d 427, 432-33 (3d Cir. 1996) (citing *Zafiro*, 506 U.S. at 539). On the other hand, "[p]articipants in a single conspiracy should ordinarily be tried together for purposes of judicial efficiency and consistency, even if the evidence against one is more damaging than that against another." *United States v. Ward*, 793 F.2d 551, 556 (3d Cir. 1986). This is so because "joint trials of defendants charged under a single conspiracy aid the finder of fact in determining the 'full extent of the conspiracy,'

and prevent 'the tactical disadvantage to the government from disclosure of its case.'" *Voigt*, 89 F.3d at 1094 (internal citations omitted) (quoting *United States v. Provenzano*, 688 F.2d 194, 199 (3d Cir. 1982); *United States v. Jackson*, 649 F.2d 967, 973 (3d Cir. 1981)).

Matthew Staton argues that at trial, evidence that is admissible against his brother, but not against himself, will be admitted, and that any such admission of evidence will cause him to be substantially prejudiced. Matthew Staton appears to argue that severance is warranted since he has not been charged in Counts Six through Ten, whereas his brother has. However, the Third Circuit has instructed that the fact that only some defendants are charged in certain counts is not usually grounds for severance.[8] *See also United States v. Pedroni*, 45 F. App'x 103, 109-10 (3d Cir. 2002) (rejecting co-defendant's argument that several counts, and other charges in the indictment, "had nothing to do with him," and he was therefore prejudiced by district court's decision to deny severance, since "[p]rejudice should not be found in a joint trial just because all evidence adduced is not germane to all counts against each defendant" and district court had provided jury with limiting instructions) (internal quotation marks and citation omitted); *Balter*,

---

[8] The Third Circuit has stated:

We see no reason why, in a joint trial of defendants charged with participating in a conspiracy, the fact that the grand jury charged one defendant separately with an additional criminal act somehow would interfere with the petite jury's ability to consider the evidence against each defendant on each count separately . . . . In fact, there was nothing unusual in the joinder of charges and defendants in this case for, as we have recognized, undoubtedly, there are many criminal cases in which defendants are tried together on different counts, so that all evidence is not germane to all the counts against each defendant . . . . Indeed, the Federal Rules of Criminal Procedure in allowing joinder of defendants expressly contemplate as much: 'All defendants need not be charged in each count.' Fed. R. Crim. P. 8(b).

*Lore*, 430 F.3d at 205; *see also United States v. Biondi*, No. 05-418, 2006 WL 1285017, at *2 (E.D. Pa. May 9, 2006) (citing same).

91 F.3d at 433 (noting that prejudice is not found in a joint trial simply because not all evidence adduced is germane to all counts against each defendant); *Fumo*, 2008 WL 109667, at *5 (rejecting argument that spillover effect of a joint trial would artificially link the defendants, in the eyes of the jury, to the frauds with which they were not charged, since evidence of the charged frauds involving the other defendants would be admissible pursuant to Rule 404(b) to explain motive).

Moreover, the fact that Matthew Staton and Barrett Byron Staton are brothers is not a sufficient reason to sever their trials. In *United States v. DiPasquale*, 740 F.2d 1282 (3d Cir. 1984), the Third Circuit held that trying two brothers together did not engender the serious prejudice necessary to have created the necessity for severance. *Id.* at 1294. In that case, one brother "played a comparatively small part in the conspiracy" to collect claimed debts by extortionate means, in comparison to his brother. *Id.* Nevertheless, the Court held that "[a]ny serious prejudice that these facts might have engendered was averted by the government's well-ordered presentation of its case, and by the trial court's repeated instructions to the jury to consider the evidence against each defendant." *Id.* (internal citation omitted). The Court held that the Government's legitimate interest in trying the co-defendant brothers together outweighed any risk for potential prejudice. *Id.*; *see also United States v. Branham*, No. 86-63, 1987 WL 12252, at *4-5 (D. Del. June 5, 1987) (denying motion to sever, despite the father and son co-defendants sharing the same last name, and despite the father clearly being the leader of the racketeering activities while the son was a mere participant, since "[t]he different roles played by each of the defendants will make it easier to compartmentalize the evidence and determine which of the defendants is connected to which evidence" and since the trial court would make "every

effort to make the jury aware of which evidence is admissible against each defendant").

To the extent that Matthew Staton claims that mutually antagonistic defenses will substantially prejudice him, this argument fails. Matthew Staton does not explain how both his defenses and his brother's defenses will be mutually antagonistic. To the extent that he claims that there will be finger-pointing and blame-shifting among the brothers, this does not support a finding of mutually antagonistic defenses. *See Voigt*, 89 F.3d at 1095 (citing string of cases in which the court held that blaming one co-conspirator, or claiming ignorance, was not grounds for granting a motion to sever). Furthermore, the Third Circuit has stated that "[e]ven where a defendant establishes that his defense and those of his codefendants are mutually antagonistic . . . severance is not mandatory." *Id.* at 1094 (citing *Zafiro*, 506 U.S. at 538).[9]

In any event, limiting instructions will cure any potential prejudice. *Voigt*, 89 F.3d at 1096 (citing *United States v. Rivera*, 6 F.3d 431, 438 (7th Cir. 1993)). As discussed above, this is not a complex case. Moreover, since Matthew Staton played a role in the conspiracy that is distinct from Barrett Byron Staton's role, the jury will easily compartmentalize the evidence pertaining to Matthew Staton from the evidence pertaining to Barrett Byron Staton. Matthew

---

[9] We also note that "[w]hile mutually antagonistic defenses have been much discussed in theory, only rarely have courts found that they exist in practice." *Voigt*, 89 F.3d at 1094. Courts have often concluded that the asserted defenses, while in conflict with one another, are not so irreconcilable that "[t]he jury could not have been able to assess the guilt or innocence of the defendants on an individual and independent basis." *United States v. Tootick*, 952 F.2d 1078, 1083 (9th Cir. 1991); *see, e.g.*, *United States v. Flanagan*, 34 F.3d 949, 952 (10th Cir. 1994) (affirming denial of motion to sever because a jury "could logically" accept one defendant's defense without concluding that the codefendant was guilty, and vice versa); *United States v. Harris*, 9 F.3d 493, 501 (6th Cir. 1993) (affirming denial of motion to sever trials of coconspirators, one of whom claimed innocence and the other of whom claimed entrapment, on the ground that these defenses were not inconsistent because the jury could logically have accepted both).

Staton has not "pinpoint[ed] clear and substantial prejudice [that would result] in an unfair trial." *Riley*, 621 F.3d at 335 (internal quotation marks and citation omitted).

## III. CONCLUSION

For the foregoing reasons, Defendants' Motions are denied.

An appropriate Order follows.

BY THE COURT:

_____
**R. BARCLAY SURRICK, J.**